

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
|  | Case No. 1:20-cr-206 |
| v. | Count One: 18 U.S.C. § 371 |
|  | (Conspiracy to Defraud the United States |
| HESAM FATEHI PEYKANI, | and Commit Visa Fraud) |
| (a/k/a, "Afshin Ebrahimi" or "Afshin | |
| Ibrahimi,") | Count Two: 18 U.S.C. §§ 1546, 2 |
|  | (Visa Fraud and Aiding and Abetting) |
| Defendant. | |
|  | Count Three: 8 U.S.C. |
|  | §§ 1324(a)(1)(A)(v)(i) and (a)(1)(A)(iv) |
|  | (Conspiracy to Encourage and Induce an |
|  | Alien to Come to the United States for |
|  | Profit) |
|  | |
|  | Counts Four through Eleven: 8 U.S.C. |
|  | §§ 1324(a)(1)(A)(iv) and (a)(1)(B)(i) |
|  | (Encouraging and Inducing an Alien to |
|  | Come to the United States for Profit) |
|  | |
|  | Forfeiture Notice |

## INDICTMENT

August 2020 Term – Alexandria

### **General Allegations**

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.     The B-1/B-2 visa program allows foreign nationals ("Aliens") to come to the

United States temporarily for business (visa category B-1), tourism (visa category B-2) or a

combination of both purposes (visa category B-1/B-2).

2.       To obtain a B-1/B-2 visa, an alien must demonstrate that the purpose of his or her trip to the United States is for business and/or tourism, that he or she intends to remain in the United States for a limited period of time, and that he or she has a residence outside of the United States, as well as other ties to his or her country of origin that ensure his or her return to that country at the end of the visit. Aliens must submit an online nonimmigrant visa application ("DS-160 application") to the U.S. Department of State Bureau of Consular Affairs. The applicant must then schedule and appear for an interview with a consular officer at a United States embassy or consulate. Interviews are required for visa applicants, with limited exceptions.

3.       The defendant, HESAM FATEHI PEYKANI, is a citizen of the Islamic Republic of Iran ("Iran"), currently residing in the Kingdom of Sweden.

4.       From on or about September 29, 2013 through on or about October 20, 2015, HESAM FATEHI PEYKANI, with others known and unknown to the Grand Jury, engaged in a scheme to charge Aliens who were Iranian Citizens fees for fraudulently obtaining B-1/B-2 visas by submitting and causing to be submitted on the Aliens' behalf DS-160 applications that contained false information and, on occasion, were supported by false or fraudulent documents.

5.       As part of the scheme, HESAM FATEHI PEYKANI and others falsified information in DS-160 applications for Aliens, such as: their marital status, family background, education history, work history, previous travel to other foreign countries, relatives living in the United States, and that they did not seek entry into the United States or any immigration benefit by fraud or willful misrepresentation or other unlawful means. The purpose for including such false information in DS-160 applications was to make it appear that the Aliens had strong ties to Iran, thereby increasing the likelihood that the Aliens would be issued visas.

6.       At times, as part of the scheme, HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," and others obtained fraudulent documents for Aliens to

2

present to the Department of State Bureau of Consular Affairs officers during their visa interviews, including but not limited to fake passports, visas, diplomas, banking records, business records, and land ownership records, in order to support the false statements in the Aliens' DS-160 applications and to make it appear that the Aliens had strong ties to Iran, thereby increasing the likelihood that the Aliens would be issued visas.

7.     HESAM FATEHI PEYKANI met and communicated with one or more Aliens multiple times before the Aliens' DS-160 applications were submitted and before the Aliens' visa interviews.  HESAM FATEHI PEYKANI instructed one or more Aliens to answer questions falsely during their visa interviews by repeating the false information that had been submitted on the Aliens' DS-160 applications and, on multiple occasions, directed Aliens to say they had a child who would remain in Iran during their trip to the United States.  HESAM FATEHI PEYKANI also provided one or more Aliens with fraudulent documents to support the false statements in the Aliens' DS-160 applications and false statements the Aliens were instructed to answer during their visa interviews.

8.     In exchange for his assistance with preparing and submitting fraudulent DS-160 applications, HESAM FATEHI PEYKANI charged and obtained from applicants amounts ranging from approximately $1,000 to approximately $30,000.

## COUNT ONE

### (Conspiracy to Defraud the United States and Commit Visa Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The General Allegations of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      From in and around September 2013 through in and around October 2015, in Iran and elsewhere in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the Eastern District of Virginia, the defendant, HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," did knowingly conspire, with others known and unknown to the Grand Jury, as follows:

   a.      to defraud the United States by impeding, impairing and obstructing the lawful government functions of the U.S. Department of State Bureau of Consular Affairs to administer, regulate, and enforce the regulations and law relating to the implementation of the B1/B2 visa program; and

   b.      to knowingly subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to a material fact in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, namely, a DS-160 application and to knowingly present such application, affidavit and other document, which contained a false statement and which failed to contain any reasonable basis in law and fact, contrary to Title 18, United States Code, Section 1546(a).

## OBJECT OF THE CONSPIRACY

3.      The primary purpose of the conspiracy was to obtain money from Aliens and

secure B-1/B-2 visas on the Aliens' behalf through false and fraudulent representations to the

Department of State and its components.

## MANNER AND MEANS OF THE CONSPIRACY

4.      The manner and means by which the conspirators conducted the conspiracy

included the following:

a.      It was part of the conspiracy that members of the conspiracy obtained

money from Aliens in exchange for assisting them with securing B-1/B-2 visas to come to the

United States;

b.      It was further part of the conspiracy that members of the conspiracy

submitted and caused to be submitted DS-160 applications to the Department of State that

contained false information about the Alien applicants;

c.      It was further part of the conspiracy that members of the conspiracy

provided the Aliens with false and fraudulent documents to support the false information

contained within the DS-160 applications;

d.      It was further part of the conspiracy that members of the conspiracy

instructed and coached the Aliens to reiterate certain false information if asked questions during

their visa interviews with the consular officers.

## OVERT ACTS

In furtherance of the conspiracy and to effect its objects, the defendant, HESAM

FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," with others known

and unknown to the Grand Jury, did commit and caused to be committed, among others, the

following acts:

### Preparation and Submission of False and Fraudulent Information for Alien D.D. and Her Parents

5.　　In and around 2013, the exact date being unknown to the Grand Jury, HESAM

FATEHI PEYKANI charged a fee to D.D. and both of her parents, K.D. and P.A., for obtaining

his assistance in applying for a B-1/B-2 tourist visa, which K.D. paid.

6.　　On or about June 19, 2013, HESAM FATEHI PEYKANI caused DS-160

applications for B-1/B-2 visas for D.D. and both of her parents to be submitted to the United

States Consulate in Dubai, the United Arab Emirates ("UAE"), which contained false

information, including: D.D.'s education history, previous travel to other foreign countries, and

that D.D. was not seeking entry into the U.S. or any immigration benefit by fraud or willful

misrepresentation or other unlawful means.

7.　　Prior to their visa application interview in June 2013, the exact date being

unknown to the Grand Jury, HESAM FATEHI PEYKANI met with D.D. and her parents;

provided them with copies of the DS-160 applications that contained false statements; and

advised D.D. and her parents to answer questions falsely during the B-1/B-2 visa interview,

including providing false information that they had previously traveled to other foreign

countries, that D.D.'s parents had another child who would remain in Iran during their trip to the

U.S., and that D.D. was a competitive swimmer.

8.　　Prior to their visa application interview in June 2013, the exact date being

unknown to the Grand Jury, HESAM FATEHI PEYKANI provided D.D. and her parents with

false and fraudulent documents to support the false assertions that they had another child and that D.D. was a competitive swimmer.

9.      On or about June 23, 2013, as instructed by HESAM FATEHI PEYKANI, D.D. and her parents provided and affirmed false information during their B-1/B-2 visa interviews at the United States Consulate in Dubai, UAE.

10.     On or about March 5, 2014, HESAM FATEHI PEYKANI caused DS-160 applications for B-1/B-2 visas for D.D. and P.A. to be submitted to the United States Embassy in Yerevan, the Republic of Armenia ("Armenia"), which contained false information, including: D.D.'s education history, previous travel to other foreign countries, and that D.D. was not seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or other unlawful means.

11.     On or about March 10, 2014, as instructed by HESAM FATEHI PEYKANI, D.D. and P.A. provided and affirmed false information during their B-1/B-2 visa interviews at the United States Embassy in Yerevan, Armenia.

*Preparation and Submission of False and Fraudulent Information*
*for Alien A.M.*

12.     In and around 2013, the exact date being unknown to the Grand Jury, members of the conspiracy charged A.M. a fee for obtaining their assistance in applying for a B-1/B-2 tourist visa, which A.M. paid.

13.     On or about October 8, 2013, HESAM FATEHI PEYKANI and members of the conspiracy caused a DS-160 application for a B-1/B-2 visa for A.M. to be submitted to the United States Consulate in Dubai, UAE, which contained false information, including: A.M.'s marital status, work history, relatives in the United States, and that A.M. was not seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or other unlawful means.

7

14. From in and around October 2013 through in and around January 2014, the exact dates being unknown to the Grand Jury, co-conspirators who were working with HESAM FATEHI PEYKANI met with A.M. in Shiraz, Iran and advised A.M. to answer questions falsely during the B-1/B-2 visa interview, including providing false information about her marital status, family members, work history, and family in the United States.

15. From in and around October 2013 through in and around January 2014, the exact dates being unknown to the Grand Jury, co-conspirators who were working with HESAM FATEHI PEYKANI provided A.M. with false and fraudulent documents to support the false assertions about her marital status, family members and work history.

16. On or about October 28, 2013, as instructed by co-conspirators who were working with HESAM FATEHI PEYKANI, A.M. provided and affirmed false information during A.M.'s B-1/B-2 visa interview at the United States Consulate in Dubai, UAE.

17. On or about December 29, 2013, HESAM FATEHI PEYKANI and members of the conspiracy caused a DS-160 application for a B-1/B-2 visa for A.M. to be submitted to the United States Embassy in Yerevan, Armenia, which contained false information, including: A.M.'s marital status, work history, relatives in the United States; and that A.M. was not seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or other unlawful means.

18. On or about January 14, 2014, as instructed by co-conspirators who were working with HESAM FATEHI PEYKANI, A.M. provided and affirmed false information during A.M.'s B-1/B-2 visa interview at the United States Embassy in Yerevan, Armenia.

*Preparation and Submission of False and Fraudulent Information
for Alien M.R.*

19.     In and around 2013, the exact date being unknown to the Grand Jury, HESAM

FATEHI PEYKANI charged M.R. a fee for obtaining his assistance in applying for a B-1/B-2

visa, which M.R. paid.

20.     On or about October 21, 2013, HESAM FATEHI PEYKANI caused a DS-160

application for a B-1/B-2 visa for M.R. to be submitted to the United States Consulate in Dubai,

UAE, which contained false information, including: M.R.'s marital status, education

background, work history, previous travel to other foreign countries, and that M.R. was not

seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or

other unlawful means.

21.     Prior to M.R.'s visa application interview in November 2013, HESAM FATEHI

PEYKANI met with M.R. and advised M.R. to answer questions falsely during the B-1/B-2 visa

interview, including providing false information that she was married and worked as a midwife.

22.     Prior to M.R.'s visa application interview in November 2013, the exact date being

unknown to the Grand Jury, HESAM FATEHI PEYKANI provided M.R. with false and

fraudulent documents to support the false assertions about her marital history and work history.

23.     On or about November 11, 2013, as instructed by HESAM FATEHI PEYKANI,

M.R. provided and affirmed false information during her B-1/B-2 visa interview at the United

States Consulate in Dubai, UAE.

*Preparation and Submission of False and Fraudulent Information
for Aliens N.D. and M.G.*

24.     In and around 2013, the exact date being unknown to the Grand Jury, HESAM

FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," charged N.D. and

M.G. a fee for obtaining his assistance in applying for a B-1/B-2 visa, which N.D. and M.G. paid.

25.     On or about December 30, 2013, HESAM FATEHI PEYKANI caused DS-160 applications for a B-1/B-2 visa for N.D., M.G., and their minor child, to be submitted to the United States Consulate in Dubai, UAE., which contained false information, including: M.G.'s work history, N.D.'s family in the U.S., their previous travel to other foreign countries, and that they were not seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or other unlawful means.

26.     Prior to their visa application interview in December 2013, the exact date being unknown to the Grand Jury, HESAM FATEHI PEYKANI met with N.D. and M.G. and advised them to answer questions falsely during the B-1/B-2 visa interview, including providing false information about M.G.'s work history, N.D.'s family in the U.S., their previous travel to other foreign countries, and that they had another child who would remain in Iran during their trip to the U.S.

27.     Prior to their visa application interview in December 2013, the exact date being unknown to the Grand Jury, HESAM FATEHI PEYKANI provided N.D. and M.G with false and fraudulent documents to support the false assertions about M.G.'s work history and that they had another child.

28.     On or about December 31, 2013, as instructed by HESAM FATEHI PEYKANI, N.D. and M.G. provided and affirmed false information during their B-1/B-2 visa interview at the United States Consulate in Dubai, UAE.

*Preparation and Submission of False and Fraudulent Information*
*for Alien R.S.*

29.     In and around 2015, the exact date being unknown to the Grand Jury, HESAM

FATEHI PEYKANI charged R.S. a fee for obtaining his assistance in applying for B-1/B-2 visas

for her and her two minor daughters, which R.S. paid.

30.     On or about February 19, 2015, HESAM FATEHI PEYKANI caused DS-160

applications for a B-1/B-2 visa for R.S. and R.S.'s two minor daughters, to be submitted to the

United States Consulate in Dubai, UAE, which contained false information, including R.S.'s

work history, education background, previous travel to other foreign countries, family in the

U.S., and that R.S. was not seeking entry into the U.S. or any immigration benefit by fraud or

willful misrepresentation or other unlawful means.

31.     Prior to R.S. and R.S.'s daughters' visa application interview in March 2015, the

exact date being unknown to the Grand Jury, HESAM FATEHI PEYKANI met with R.S. and

advised R.S. to answer questions falsely during the B-1/B-2 visa interview, including providing

false information about R.S.'s work history, previous travel to other foreign countries, and

family in U.S.

32.     On or about February 22 and 23, 2015, HESAM FATEHI PEYKANI sent R.S.

emails containing copies of fraudulent Iranian passport pages HESAM FATEHI PEYKANI

procured for R.S. and R.S.'s two daughters, including a fraudulent Schengen visa and fake

entry/exit stamps from other countries to support false statements made in their DS-160

applications.

33.     On or about March 2, 2015, as instructed by HESAM FATEHI PEYKANI, R.S.

provided and affirmed false information during their B-1/B-2 visa interview at the United States

Consulate in Dubai, UAE.

*Preparation and Submission of False and Fraudulent Information*
*for Alien A.K.F.*

34.     In and around 2015, the exact date being unknown to the Grand Jury, HESAM
FATEHI PEYKANI charged A.K.F. a fee for obtaining his assistance in applying for a B-1/B-2
visa, which A.K.F. paid.

35.     On or about February 15, 2015, HESAM FATEHI PEYKANI caused a DS-160
application for a B-1/B-2 visa for A.K.F. to be submitted to the United States Consulate in
Dubai, UAE, which contained false information, including A.K.F.'s education history, work
history, previous travel to other foreign countries, military service, and that A.K.F. was not
seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or
other unlawful means.

36.     Prior to A.K.F.'s visa application interview in March 2015, the exact date being
unknown to the Grand Jury, HESAM FATEHI PEYKANI met with A.K.F. and advised A.K.F.
to answer questions falsely during the B-1/B-2 visa interview, including providing false
information about A.K.F.'s work history, education history, and previous travel to other foreign
countries, and military service.

37.     Prior to A.K.F.'s visa application interview in March 2015, the exact date being
unknown to the Grand Jury, HESAM FATEHI PEYKANI provided A.K.F. with false and
fraudulent documents to support the false assertions about A.K.F.'s work history, education
history, financial status, land ownership, and military service.

38.     On or about March 3, 2015, as instructed by HESAM FATEHI PEYKANI,
A.K.F. provided and affirmed false information during A.K.F.'s B-1/B-2 visa interview at the
United States Consulate in Dubai, UAE.

39.     On or about September 5, 2015, HESAM FATEHI PEYKANI caused a DS-160
application for a B-1/B-2 visa for A.K.F. to be submitted to the United States Consulate in

Dubai, UAE, which contained false information, including A.K.F.'s education history, work history, previous travel to other foreign countries, military service, and that A.K.F. was not seeking entry into the U.S. or any immigration benefit by fraud or willful misrepresentation or other unlawful means.

40.     On or about September 5, 2015, HESAM FATEHI PEYKANI sent A.K.F. by email a copy of a fraudulent Iranian passport, including fraudulent Schengen visas, a Thai visa and entry/exit stamps that HESAM FATEHI PEYKANI procured from a member of the conspiracy for A.K.F. to support false statements made in the DS-160 application.

41.     Prior to A.K.F.'s visa application interview in September 2015, the exact date being unknown to the Grand Jury, HESAM FATEHI PEYKANI met with A.K.F. and advised A.K.F. to answer questions falsely during the B-1/B-2 visa interview, including providing false information about A.K.F.'s work history, education history, previous travel to other foreign countries, and military service.

42.     Prior to A.K.F.'s visa application interview in September 2015, the exact date being unknown to the Grand Jury, HESAM FATEHI PEYKANI provided A.K.F. with false and fraudulent documents to support the false assertions about A.K.F.'s work history, education history, financial status, land ownership, and military service.

43.     On or about September 9, 2015, as instructed by HESAM FATEHI PEYKANI, A.K.F. provided and affirmed false information during A.K.F.'s B-1/B-2 visa interview at the United States Consulate in Dubai, UAE.

(All in violation of Title 18, United States Code, Section 371).

## COUNT TWO

### (Visa Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

  1.  The General Allegations, and the allegations contained in the Manner and Means of the Conspiracy and Paragraphs 34 and 39 through 43 in the Overt Acts in Count One of this Indictment, are re-alleged and incorporated by reference as if fully set forth herein.

  2.  On or about September 5, 2015, in Iran and elsewhere in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the Eastern District of Virginia, the defendant, HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," did knowingly subscribe and cause to be subscribed, and did aid and abet in subscribing, an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, namely a DS-160 Nonimmigrant Visa Application for A.K.F., which contained language that it was made under penalties of perjury under Title 28, United States Code, Section 1746, and which contained a false statement as to a material fact and which failed to contain any reasonable basis in law and fact, namely that the application falsely stated that A.K.F.: (1) studied architecture/engineering at Ahvas University, (2) owned a building company named Atieh Saz Company, (3) had previously traveled to foreign countries where he had not traveled, and (4) had not previously ever served in the military.

  (In violation of Title 18, United States Code, Sections 1546(a) and 2).

14

## COUNT THREE

### (Conspiracy to Encourage and Induce an Alien to Enter the United States)

THE GRAND JURY FURTHER CHARGES THAT:

1.      The General Allegations of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      From in and around September 2013 through in and around October 2015, in Iran and elsewhere in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the Eastern District of Virginia, the defendant, HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," with others known and unknown to the Grand Jury, for the purpose of commercial advantage and private financial gain, did knowingly and intentionally conspire to encourage and induce an alien to come to and enter the United States, knowing and in reckless disregard of the fact that such coming to and entry was and would be in violation of law.

3.      The Manner and Means of Count One of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

4.      In furtherance of the conspiracy, the defendant HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," with others known and unknown to the Grand Jury, did commit and caused to be committed, among others, the following acts:

The Grand Jury hereby incorporates and re-alleges Paragraphs 5 through 43 of the Overt Acts of the Conspiracy of Count One of this Indictment, as overt acts of Count Three.

(In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(A)(v)(i) and (a)(1)(B)(i)).

## COUNTS FOUR THROUGH ELEVEN

**(Encouraging and Inducing an Alien to Come to the United States for Profit)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      The General Allegations and the allegations contained in the Manner and Means and in Paragraphs 5 through 43 of the Overt Acts of the Conspiracy in Count One of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about the approximate dates set forth below, in Iran and elsewhere in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the Eastern District of Virginia, the defendant, HESAM FATEHI PEYKANI, also known as "Afshin Ebrahimi" or "Afshin Ibrahimi," for the purposes of commercial advantage and private financial gain, did knowingly and intentionally encourage and induce an alien, as set forth below in Counts Four through Eleven, to come to and enter the United States, knowing and in reckless disregard of the fact that such coming to and entry was and would be in violation of law.

| COUNT | ALIEN | DATE |
|---|---|---|
| FOUR | D.D. | June 19, 2013 |
| FIVE | M.R. | October 21, 2013 |
| SIX | N.D. | December 30, 2013 |
| SEVEN | M.G. | December 30, 2013 |
| EIGHT | D.D. | March 5, 2014 |
| NINE | A.K.F. | February 15, 2015 |
| TEN | R.S. | February 19, 2015 |
| ELEVEN | A.K.F. | September 5, 2015 |

(In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and (a)(1)(B)(i)).

## FORFEITURE NOTICE

The Grand Jury finds that there is probable cause that the property described in this FORFEITURE NOTICE is subject to forfeiture pursuant to the statutes described herein.

Pursuant to Rule 32.2(a), defendant HESAM FATEHI PEYKANI is hereby notified that, if convicted of any of the offenses alleged in Counts One through Count Eleven of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A), the following: (1) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which he is convicted; (2) any property real or personal which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which he is convicted; and (3) any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which he is convicted.

The United States will also seek a forfeiture money judgment against the defendant in the amount equal to the value of any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from these offenses.

If any property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;
b. Has been transferred or sold to, or deposited with, a third party;
c. Has been placed beyond the jurisdiction of the court;
d. Has been substantially diminished in value; or
e. Has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(All in accordance with Title 18, United States Code, Section 982(a)(6)(A); Title 21, United States Code, Section 853(p); and Rule 32.2, Federal Rules of Criminal Procedure).

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

Foreperson of the Grand Jury

G. Zachary Terwilliger
United States Attorney

By: 

Raizza K. Ty
Assistant United States Attorney

Brian C. Rabbitt
Acting Assistant Attorney General
Criminal Division

By: 

Clayton H. O'Connor
Trial Attorney
Human Rights and Special Prosecutions Section

18