IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
AUG 2 7 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:20-CR-206 |
| HESAM FATEHI PEYKANI | |

GOVERNMENT'S MOTION TO SEAL INDICTMENT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment and arrest warrant until the defendant is arrested, except that the United States may disclose the sealed materials to law enforcement, foreign law enforcement or foreign governments for purposes of furthering a criminal investigaton or securing the defendant's arrest or extradition or otherwise securing the defendant's appearance in the Eastern District of Virginia.

I. **REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The U.S. Department of State, Diplomatic Security Service, with assistance from the Department of Homeland Security's Homeland Security Investigations, is investigating violations of visa fraud, encouraging and inducing aliens to enter or come to the United States, and conspiracies to commit those offenses. Specifically, the investigation has revealed that the defendant has engaged in a scheme to assist foreign nationals obtain tourist visas to come to the United States by submitting or causing the submission of applications containing false information in exchange for payment. Further, the investigation has revealed that the defendant coached the applicants to provide false statements to U.S. consular officials and, as a result,

1

applicants were successful in obtaining visa approval and in entering the United States. The defendant is a foreign citizen and national who currently resides abroad.

2. Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening the government's ability to locate and arrest the defendant, jeopardize the cooperation of witnesses, and may lead to the destruction of evidence. Disclosure of the indictment would also provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment would need to remain sealed until the defendant's arrest and extradition, and upon the defendant's appearance in the Eastern District of Virginia.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the indictment, the arrest warrant, and this Motion to Seal and proposed Order be sealed until the defendant is arrested and extradited, and is brought to the Eastern District of Virginia for his initial appearance.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Raizza K. Ty
Assistant United States Attorney

3